IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DONALD RAYE RANDOLPH,

    Petitioner,                    No. CIV-S- 09-1788 FCD KJM P

    vs.

JAMES WALKER, Warden,        <u>ORDER AND</u>

    Respondent.             <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Petitioner is a state prison inmate proceeding pro se with a petition for a writ of habeas corpus challenging the manner in which the credits against his sentence have been calculated. He has also filed a motion for discovery of a number of documents. Respondent has filed a motion to dismiss, arguing that the petition was filed outside the statute of limitations.

I. <u>Background</u>

        Petitioner sought administrative review of the calculation of his sentence credits, which culminated in the February 5, 2007 Director's Level Decision rejecting his claims. Mot. to Dismiss, Ex. 1 (Docket No. 17-2) at 34.[1]

/////

---

[1] Page references are to those assigned by the court's CM/ECF system.

1

On March 17, 2008, petitioner signed the certificate of service for a petition for a writ of habeas corpus, which was filed in Solano County Superior Court on April 8, 2008. Id., Ex. 1 at 2, 7. The Superior Court denied the writ on June 3, 2008. Id., Ex. 2 (Docket No. 17-3) at 2. Petitioner waited until October 30, 2008 to give prison authorities his next challenge, which was filed in the state Court of Appeal on November 10, 2008. Id., Ex. 3 (Docket No. 17-4) at 2, 7. This petition was denied on December 23, 2008. Id., Ex. 7 (Docket No. 17-8) at 2.

On March 5, 2009, petitioner mailed a writ to the California Supreme Court, where it was filed on March 6, 2009. Id., Ex. 8 (Docket No. 17-9) at 2, 6. It was denied on May 13, 2009. Id., Ex. 9 (Docket No. 17-10) at 2.

II. <u>Analysis</u>

   A. <u>The Statute Of Limitations</u>

One of the changes the Antiterrorism and Effective Death Penalty Act (AEDPA) made to the habeas statutes was to add a statute of limitations for filing a habeas petition:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

/////

/////

    (2) The time during which a properly filed application for State post- conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244.

    The statute of limitations applies whether a petitioner is challenging his underlying state conviction or some administrative action, such as the denial of parole or a disciplinary finding. Shelby v. Bartlett, 391 F.3d 1061, 1062 (9th Cir. 2004). In these cases, the limitations period is governed by § 2244(d)(1)(D) and the event triggering the running of the statute is the date petitioner learns of the administrative decision. Redd v. McGrath, 343 F.3d 1077, 1082-83 (9th Cir. 2003). In this case, the administrative decision was issued on February 5, 2007, so the statute of limitations period began to run on February 6, 2007, and expired February 8, 2008. Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002) (Fed. R. Civ. P. 6(a) governs AEDPA time calculations; it excludes the day of the event from which the time period begins to run from calculation of that time period).

    Petitioner suggests, however, that he did not receive the Director's Level Decision on February 5. Opp'n (Docket No. 19) at 3. He argues that these decisions are delivered by courier and so do not have a postmark, only a date stamped by the institution's mailroom to show the date of receipt. In support he offers three envelopes from the Inmate Appeals Branch, which do bear institutional stamps. Id. at 18-19. Two of the stamps are illegible, but one shows a date of 2009 and the envelopes themselves have a small "4/08" at the bottom, suggesting the latter is an issue date for the form. Accordingly, although they may be used for purposes of illustration, these envelopes throw little light on the statute of limitations question presented here.

/////
/////
/////
/////

In <u>Shelby</u>, the Ninth Circuit relied on petitioner's concession that he had timely received notice of the administrative denial when it determined the triggering date for the statute of limitations. It also appears to have established a presumption that an inmate will in fact receive notice on the day the denial is issued, a presumption petitioner must rebut:

> Here, as in *Redd*, Shelby does not dispute that he received timely notice of the denial of his administrative appeal on July 12, 2001, and he offers no evidence to the contrary. Therefore, the limitation period began running the next day.

<u>Shelby</u>, 391 F.3d at 1066. Although the petitioner in this case does not concede that he received notification on February 5, he has presented no evidence to the contrary. Accordingly, the court concludes that the statute of limitations began to run on February 6, 2007.

Petitioner also argues he is entitled to the benefit of the mailbox rule in a calculation of when his initial state habeas petition was filed. Under the prison mailbox rule of <u>Houston v. Lack</u>, 487 U.S. 266, 276 (1988), a document is filed when it is given to prison authorities for mailing. <u>See also</u> <u>Patterson v. Stewart</u>, 251 F.3d 1243, 1245 n.2 (9th Cir. 2001). Application of that rule does not render the instant petition timely, for it merely changes the filing date of petitioner's superior court writ to March 17, 2008, which is still after the statute of limitations expired. Although the statute of limitations is tolled during the pendency of any "properly filed" state collateral attack, a state petition filed after the limitations period has run will neither revive nor toll the statute of limitations <u>Nino v. Galaza</u>, 183 F.3d 1003, 1006-07 (9th Cir. 1999); <u>Jimenez v. Rice</u>, 276 F.3d 478, 481 (9th Cir. 2001).

B. <u>Impediment To Filing</u>

Petitioner argues that the statute of limitations question should be evaluated under § 2244(d)(1)(B), because institutional restrictions on his access to the law library were an impediment that prevented his timely filing of his state petitions. He attaches a grievance in which he complains that his access to the law library was restricted in January 2007 after he met a variety of deadlines in a case pending in the Northern District of California. Opp'n at 21. In

4

his formal level appeal he says he is unable to "effectively prosecute the matter pending before the U.S. District Court," without mentioning a state habeas petition. Id. The second level decision in response to the grievance, dated March 7, 2007, reports that the law librarian was interviewed on that date and "provided records to show when Appellant registered his court deadlines and the times he was ducated to the Law Library (copies of these records are attached)." Id. at 24. Petitioner has not, however, attached the records of his law library attendance and makes nothing but an unsupported claim that the impediment was removed in May 2007. Id. at 6. He has not shown there was an impediment, much less addressed how the impediment prevented him from filing his federal habeas petition. Bryant v. Arizona Attorney General, 499 F.3d. 1056, 1060 (9th Cir. 2007) (petitioner must demonstrate causal connection between inadequate law library and inability to file); Ferguson v. Sisto, 2010 WL 378050 at 3-4 (E.D. Cal. 2010) (no causal connection shown between library restrictions and filing).

Even if the court deems the restrictions to have been an impediment, the instant petition still is not timely. If the court assumes that petitioner's access to the law library was restored on May 1, 2007, the statute of limitations began to run on May 2, 2007. The superior court petition filed on March 17, 2008, was filed on day 320 of the limitations period. The time was tolled through June 3, 2008, began to run again on June 4 and expired on July 21, 2008.[2] Petitioner did not file his petition in the Court of Appeal until October 30, 2008, after the statute of limitations period expired.

In Carey v. Saffold, 536 U.S. 214, 218-21 (2002), the Supreme Court held that the AEDPA statute of limitations is tolled not only between the actual filing and decision on a writ, but also during those periods between filings as a petitioner works his or her way "up the ladder" through higher courts to complete "one full round" of state court review of claims. Id. at 217, 219-20. However, in Evans v. Chavis, 546 U.S. 189, 201 (2006), the Supreme Court directed the

---

[2] The time actually expired on July 19, 2008, but as that day was a Saturday, it is excluded from the computation. Fed. R. Civ. P. 6(a)(1)(C).

federal courts to determine whether a "gap" petition was delayed unreasonably, even when a state court did not deny the petition as untimely. The court suggested that a gap longer than the thirty to sixty days permitted in states with written rules for filing might be reasonable, while six months would not be. Id. at 854. Recently, the Ninth Circuit has determined that gaps of 115 and 101 days, with no justification for delays, were "substantially longer" than the "30 to 60 days" referenced in Evans, precluding eligibility for statutory tolling. Chaffer v. Prosper, 592 F.3d 1046, 1048 (9th Cir. 2010). In this case, petitioner is not entitled to "gap" tolling because he waited over four months – more than 120 days – to file his second state petition in the appellate court, and has not justified the delay. Accordingly, even assuming that the statute of limitations began to run on May 1, 2007, the petition is not timely.

    C. Equitable Tolling

Petitioner also argues that the limitations on his access to the law library constitute grounds for equitable tolling.

The Ninth Circuit has held:

> We will permit equitable tolling of AEDPA's limitations period only if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time. When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate.

Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999) (internal quotations, citations omitted). It is petitioner's burden to show he is entitled to equitable tolling. Espinoza-Matthews v. People of the State of California, 432 F.3d 1021, 1026 (9th Cir. 2005). To meet his burden, he must demonstrate "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). Several courts have rejected the impact of restrictions on law library access as bases for equitable tolling unless the petitioner can show actual harm. Wilson v. Bennett, 188 F. Supp. 2d 347, 353 (S.D.N.Y.

/////

1  2002) (limited access to library); Lindo v. Lefever, 193 F. Supp. 2d 659, 663 (E.D.N.Y. 2002)
2  (same).
3           Once again, even if the court considers the restrictions to provide a basis for
4  equitable tolling, petitioner concedes that those restrictions were lifted in May 2007.  He has not
5  explained why he was unable to file during the nine months that remained at that point in the
6  limitations period.  He is not entitled to equitable tolling.
7  III.  Discovery Motion
8           Because the petition is not timely, petitioner is not entitled to pursue discovery.
9           IT IS THEREFORE ORDERED that petitioner's motion for discovery (docket no.
10 10) is denied.
11          IT IS HEREBY RECOMMENDED that respondent's motion to dismiss (docket
12 no. 17) be granted.
13          These findings and recommendations are submitted to the United States District
14 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-
15 one days after being served with these findings and recommendations, any party may file written
16 objections with the court and serve a copy on all parties.  Such a document should be captioned
17 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
18 shall be served and filed within fourteen days after service of the objections.  The parties are
19 advised that failure to file objections within the specified time may waive the right to appeal the
20 District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
21 DATED:  June 23, 2010.

_____
U.S. MAGISTRATE JUDGE

26 2 rand17888.mtd